UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIA L. HILL,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERAN AFFAIRS et al.,<br><br>    Defendants. | Case No. 3:22-cv-00246<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pro se Plaintiff Calvia L. Hill brings this action under 42 U.S.C. § 1983 and other federal civil rights statutes alleging that the United States of America, the United States Department of Veterans Affairs[1] (VA), and VA Secretary Denis McDonough discriminated against him on the basis of disability and race in Hill's efforts to secure service-related disability compensation. (Doc. No. 15.) The defendants have filed a motion to dismiss Hill's claims against them. (Doc. No. 23.) Hill has responded in opposition and moved for judgment on the pleadings. (Doc. No. 26.) He has also filed a motion for leave to file new evidence (Doc. No. 33).

For the reasons that follow, the Magistrate Judge will recommend that the defendants' motion to dismiss be granted and that Hill's motion for judgment on the pleadings, motion for leave to file new evidence be denied.

---

[1]   Although Hill's pleadings name the "Department of Veteran Affairs" as a defendant and the VA uses the same name in its own filings, the agency is the U.S. Department of Veterans Affairs. *See* U.S. Dep't of Veterans Affs., www.va.gov (last visited Feb. 2, 2023).

I. **Factual and Procedural Background**

    A. **Factual Background**[2]

Hill served in the United States Army from 1979 to 1993 and receives VA disability benefits for service-connected mental disabilities. (Doc. No. 15.) During the Gulf War, Hill was a Petroleum Specialist "responsible for dispensing petroleum products, diesel fuel, gasoline fuel, kerosene" and "petroleum package products." (*Id.* at PageID# 796.) Shortly after Hill was honorably discharged from the Army in 1993, he began experiencing urological health problems. (Doc. No. 15.) In 2010, VA urologists diagnosed Hill with prostate cancer. (*Id.*) On June 27, 2011, Hill filed a claim with the VA Regional Office in Nashville, Tennessee, seeking service-connected disability compensation for his prostate cancer. (*Id.*) More than ten years later—after a protracted series of decisions, appeals, and remands—Hill's benefits claim remains pending. (*Id.*)

The Regional Office denied Hill's initial claim for benefits on September 16, 2011, on grounds that his prostate cancer was not service-connected, and Hill appealed that decision to the Board of Veterans' Appeals (BVA). (*Id.*) To date, the BVA has remanded Hill's claim to the Regional Office at least six times, finding error in every denial of Hill's claim.[3] (*Id.*)

---

[2]     The facts in this Report and Recommendation are taken from Hill's amended complaint (Doc. No. 15) and are presumed to be true for purposes of resolving the defendants' motion to dismiss. *See Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022); *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

[3]     Although the procedural history is not entirely clear from Hill's amended complaint, it appears that there were further proceedings in the Regional Office between 2011 and 2014, resulting in a second denial of Hill's claim on May 29, 2014. (Doc. No. 15.) Hill appealed that decision, and the BVA remanded his case for further development by the Regional Office on October 20, 2016. (*Id.*) The Regional Office denied Hill's claim for a third time, and Hill appealed. (*Id.*) The BVA remanded the claim to the Regional Office "due to error" on February 8, 2018. (*Id.* at PageID# 798.) The Regional Office denied Hill's claim for a fourth time, and Hill appealed. (Doc. No. 15.) The BVA remanded Hill's claim on January 16, 2020. (*Id.*) The Regional Office denied Hill's claim for a fifth time, and Hill appealed. (*Id.*) The BVA remanded Hill's claim on December 30, 2020. (*Id.*) The Regional Office denied Hill's claim for a sixth time, and Hill appealed. (*Id.*) The BVA remanded the claim on December 28, 2021. (*Id.*) The Regional Office

Hill alleges that the Regional Office and VA medical examiners have failed to give him an in-person examination and otherwise comply with the BVA's remand orders because of Hill's race and disabilities.[4] (*Id.*) Hill alleges that the Regional Office's and medical examiners' conduct has

---

denied Hill's claim for a seventh time on February 8, 2022. (*Id.*) The BVA's most recent opinion, issued on April 6, 2022, again remands Hill's claim for further development by the Regional Office. (Doc. No. 24-1.)

[4] The defendants have attached the BVA's most recent decision remanding Hill's claim, issued on April 6, 2022, to their memorandum in support of their motion to dismiss to show that the administrative proceedings are ongoing. (Doc. No. 24-1.) The BVA's opinion states:

> In December 2021, the Board remanded this matter with instructions for the [Regional Office] to obtain an expert opinion from a urologist . . . . In this regard, the examiner was directed to specifically consider and comment on (a) the Veteran's statements during the July 2016 Board hearing regarding his exposures to chemicals during service, (b) academic/scientific research evidence the Veteran provided asserting a possible link between exposure to chemicals, such as those in diesel fuel and gasoline, and the incurrence of prostate cancer later in life (including the cited case study which Indicates an increased risk of prostate cancer in men with substantial exposure to diesel fuel), and (c) the April 2014, July 2014, and July 2016 Disability Benefit Questionnaire, medical records, and associated opinions provided by Dr. B.D., the Veteran's private physician. The examiner was also directed to address his or her qualifications to provide the requested opinion, to include a discussion of whether an expert in another specialty would be more well suited to address the question at hand.
>
> An opinion was obtained in February 2022, however, it was completed by an internist, not a urologist. In addition, the examiner noted that they reviewed the 2014 and 2016 Disability Benefit Questionnaires which "included reference to the Health Protection agency [sic] which stated 'No unequivical [sic] evidence to link diesel fuel exposure to Prostate Cancer.'" However, the examiner did not comment on the DBQs. Nor did the examiner consider and comment on the Veteran's statements during the July 2016 Board hearing and the academic/scientific research evidence the Veteran provided. Finally, the examiner did not address their qualifications to provide the requested opinion and whether an expert in another specialty would be more well suited to address the question at hand. Thus, this matter must be remanded to ensure compliance with the Board's prior remand directives . . . .

(*Id.* at PageID# 859.)

3

prevented him from obtaining service-related status for his prostate cancer and the accompanying benefits and compensation to which he is entitled. (*Id.*) Hill alleges that the stress of litigating his benefits claim has contributed to the repeated and aggressive return of his prostate cancer. (*Id.*) He also alleges that the extended delay in resolving his benefits claim has worsened the severity of his bipolar disorder and caused Hill to attempt suicide. (*Id.*) Hill alleges, ultimately, that the defendants are delaying the resolution of his case because they are "waiting for [him] to die." (*Id.* at PageID# 810, ¶ 3.) Hill states that he "has come to this honorable court on behalf of all fallen veterans who had claims filed and died waiting on an answer" and who are "not able to understand and do not have the will power to master . . . the red-tape, rigid, redundant, bureaucracy of the [VA], in filing a claim." (*Id.* at PageID# 817.)

B.  **Procedural History**

Hill initiated this action on April 7, 2022, by filing a complaint for violation of his civil rights against the VA and McDonough. (Doc. No. 1.) Hill filed over one-hundred pages of exhibits with his complaint, including benefits applications, benefits determinations, and research regarding the relationship between fuel exposure and cancer. (Doc. Nos. 1-1–1-3.) On May 2, 2022, Hill filed an amended complaint, adding factual allegations and the United States as a

---

The BVA directed the Regional Office on remand to answer the following question and to support its answer with a specified level of detail and supporting evidence not previously provided:

> Obtain an expert opinion from a urologist . . . that addresses the following question: Is it at least as likely as not (at least an approximate balance of the positive and negative evidence) that the incurrence of the Veteran's prostate cancer and/or any current related residuals, to include erectile dysfunction and urinary incontinence, was caused by or is otherwise related to the Veteran's service, to include his exposure to gasoline, diesel fuel, and other such chemicals, as a petroleum heavy vehicle operator.

(*Id.* at PageID# 859–60.)

defendant. (Doc. No. 15.) Hill alleges that the defendants discriminated against him on the basis of his race and disability and asserts claims under 42 U.S.C. §§ 1981 and 1983; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213; and Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. §§ 2000d–2000d-7. (*Id.*) Hill requests $30 million in compensatory and punitive damages and "any VA RECOMP of any payment, from past or present, monetary benefits award[.]" (*Id.* at PageID# 816, ¶ 1.) Hill also requests that the Regional Office officials who have denied his benefits claim be terminated for making fraudulent statements and that the Court find that the VA medical examiners violated medical ethics codes. (Doc. No. 15.)

The defendants have moved to dismiss Hill's amended complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim on which relief can be granted under Rule 12(b)(6). (Doc. No. 23.) The defendants argue that the Court lacks jurisdiction over Hill's claims pursuant to the Veterans' Judicial Review Act of 1988 (VJRA), Pub. L. No. 100-687, 102 Stat. 4105, 4113–4122. (Doc. No. 24.) Defendants also argue that Hill cannot state claims against them under § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*; that, to the extent Hill's claims can be construed as arising under the Administrative Procedure Act (APA), those claims are barred by sovereign immunity; and that Hill has failed to exhaust his administrative remedies.[5] (*Id.*)

Hill responded in opposition, arguing that the VJRA does not deprive the Court of jurisdiction over his claims. (Doc. No. 26.) Hill also argues that he intended to bring a *Bivens* claim, not a § 1983 claim, and mistakenly checked the wrong box on the form amended complaint. (*Id.*) Hill states that the defendants have failed to properly weigh the evidence in adjudicating his

---

[5] Hill did not bring claims under the APA, and it is not readily apparent how his amended complaint could be construed as raising APA claims. (Doc. No. 15.)

benefits claim and that the VA medical examiners discriminated against him on the basis of race and disability and have a practice of ignoring veterans' service-related cancer-benefits claims. (*Id.*)

Hill's filing also includes a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) in which Hill alleges that the defendants violated criminal law by tampering with a witness. (*Id.*) Hill alleges that, at the ribbon cutting ceremony of the Rutherford County Veteran Center in July 2022, the Regional Office Executive Director introduced himself to Hill. (*Id.*) That interaction led Hill to believe that the Executive Director was trying to coerce him into talking about this case. (*Id.*) Hill attached a photo of the event and the Executive Director's business card to his filing. (*Id.*) The defendants did not file an optional reply in support of their motion to dismiss and did not respond to Hill's motion for judgment on the pleadings.

On January 3, 2023, Hill filed a motion for leave to file new evidence in the form of research regarding the VA's differential treatment of African-American veterans' claims. (Doc. No. 33.) His motion is accompanied by a memorandum of law. (Doc. No. 34.) The defendants did not file a response in opposition to Hill's motion.

## II.     Legal Standards

### A.     Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[6] U.S. Const. art. III, § 2,

---

[6]     For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022). A factual attack "'contests the alleged jurisdictional facts by introducing evidence outside the pleadings.'" *Id.* (quoting *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021). In resolving factual attacks, "'the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts, and the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Id.* (quoting *Gaetano*, 994 F.3d at 505).

### B. Federal Rules of Civil Procedure 12(b)(6) and 12(c)

The standard for resolving a motion for judgment on the pleadings under Rule 12(c) mirrors the standard for resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Gardner v. United States*, 443 Fed. App'x 70, 73 (6th Cir. 2011) (quoting *Amini v. Oberlin Coll.*,

259 F.3d 493, 502 (6th Cir. 2001)). Consideration of extrinsic materials need not convert a motion to dismiss into a motion for summary judgment, "'so long as [the materials] are referred to in the complaint and are central to the claims contained therein[.]'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. updated Apr. 2022) ("Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . without converting the motion into one for summary judgment.").

Because Hill appears pro se, the Court construes his filings "'liberally'" and holds his amended complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

#### A. The Defendants' Motion to Dismiss

Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co.*, 501 F.3d at 537. Although the defendants have also moved for dismissal based on Rule 12(b)(6), the Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (first citing *Bell v. Hood*, 327 U.S. 678, 682 (1946); and then citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

§ 1350 (1969)). The defendants argue that the Court lacks jurisdiction because the VJRA precludes district-court adjudication of claims that require review of VA benefits decisions. (Doc. No. 24.)

"In 1988, Congress enacted the [VJRA] . . . and established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). In passing the VJRA, "Congress intended to create an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized system comprised of the BVA, the newly established [Court of Veterans Appeals], and the Federal Circuit." *Id.* at 972. Section 511(a) of the VJRA states that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans" and that, "[s]ubject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" 38 U.S.C. § 511(a). Section 511(b) provides four exceptions, one of which establishes that VA decisions may be reviewed by the Court of Veterans Appeals, which was created by the VJRA and vested with exclusive authority to review veterans benefits decisions. *Id.* §§ 511(b)(4), 7252; *Beamon*, 125 F.3d at 970–72. Decisions from the Court of Veterans Appeals are reviewable by the Court of Appeals for the Federal Circuit and, ultimately, the Supreme Court. *Beamon*, 125 F.3d at 967; 38 U.S.C. § 7292.

In *Beamon*, the Sixth Circuit held that § 511(a) "creates a broad preclusion of judicial review of VA decisions."[7] 125 F.3d at 970. The plaintiff-veterans in that case argued that the VA's

---

[7] Other courts of appeals have similarly held that § 511(a) is broadly preclusive. *See, e.g., Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1031 (9th Cir. 2012) (holding that § 511(a) precluded jurisdiction over plaintiffs' statutory and constitutional claims relating to implementation of mental health care benefits and delays in claim adjudication); *Zuspann v. Brown,* 60 F.3d 1156, 1159 (5th Cir. 1995) (holding that § 511(a) precluded jurisdiction for alleged violations of the Rehabilitation Act and Fifth Amendment because veteran was ultimately "complaining about a denial of benefits"); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994)

delayed processing of their benefits claims violated the APA, the Veterans' Benefits Improvement Act of 1994, and the Due Process Clause of the Fifth Amendment. *Id.* at 966. The court found that adjudicating each of the plaintiffs' claims would require the district court "to review individual claims for veterans benefits, the manner in which they were processed, and the decisions rendered by the regional office of the VA and the BVA." *Id.* at 970–71; *see also Anestis v. United States*, 749 F.3d 520, 525 (6th Cir. 2014) (holding that § 511(a) precludes jurisdiction if "adjudication of the claim would require the district court to review the Secretary's decision regarding benefits"). The court thus held that § 511(a) precluded federal court jurisdiction over all of the asserted causes of action "including decisions of constitutional issues" that require consideration of a benefits decision.[8] *Beamon*, 125 F.3d at 974.

Here, as in *Beamon*, the claims Hill brings are inextricably tied to the VA's determination of his benefits. Hill alleges that the defendants discriminated against him on the basis of race and disability when they failed to deem his prostate cancer service-related and when VA medical examiners failed to comply with the BVA's remand order requiring that the Regional Office conduct a medical examination. The injury Hill claims is, in part, that he has been deprived of a determination that his prostate cancer is service-related and the additional benefits that determination would provide. (Doc. No. 15.) Hill's requested relief includes "VA RECOMP of

---

(holding that the court lacked jurisdiction over statutory and constitutional claims because the Fifth Amendment, Privacy Act, and FOIA could not "be used as rhetorical cover to attack VA benefits determinations"); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369–70 (8th Cir. 1992) (holding that § 511(a) precluded jurisdiction because veteran's claim that his benefits were reduced because he exercised his First Amendment rights was ultimately "a challenge to a decision affecting benefits" and precluded by § 511).

8    A district court would have jurisdiction to consider a facial challenge to a statute that addresses veterans benefits, but the plaintiffs in *Beamon* did not bring a facial challenge to any statute and neither has Hill. *Beamon*, 125 F.3d at 972–73.

any payment, from past or present, monetary benefits award" and the termination of VA Regional Office officials who denied his benefits claim. (*Id.* at PageID# 816, ¶ 1.) Addressing any of these issues would require the Court's review of benefits-related decisions that Congress left in the exclusive control of the VA, the BVA, and the Court of Appeals for the Federal Circuit.

Hill cites a decision from the District of Arizona, *Cooper v. United States*, in support of his argument that this Court does have jurisdiction to decide his claims. (Doc. No. 26.) But *Cooper* is an example of a legal claim that does not require a court to review the VA's benefits determination and does not fall under § 511(a). In that case, the plaintiff-veteran successfully sued the VA for medical malpractice under the Federal Tort Claims Act (FTCA), alleging that the VA doctors' failure to identify and treat his prostate cancer caused the cancer to progress to an incurable and terminal stage. Complaint, *Cooper v. United States of America*, No. 2:15-cv-02140 (D. Ariz. Oct. 26, 2015), ECF No. 1. The plaintiff thus claimed that the medical treatment he received from VA doctors did not meet the standard of care, not that he was denied benefits to which he was entitled. (*Id.*) Similarly, in *Anestis v. United States*, the Sixth Circuit found that § 511(a) did not preclude jurisdiction over a medical malpractice claim brought by the widow of a veteran who had committed suicide after being denied emergency care at the VA. *Anestis*, 749 F.3d at 522–28. The Sixth Circuit found that the denial of treatment was "wholly unrelated to any benefits determination" and was the result of the VA's negligence in failing to meet its "duty to provide emergency care regardless of [the veteran's] status as an enrollee, or even a veteran." *Id.* at 527; *see also Wojton v. United States*, 199 F. Supp. 2d 722, 730–31 (S.D. Ohio 2002) (finding that § 511(a) did not preclude negligence claims under the FTCA seeking damages for VA medical providers' medical malpractice); *Gayer v. United States*, No. 3:16-CV-00467, 2019 WL 2130155, at *6 (W.D. Ky. May 14, 2019) (finding that § 511(a) did not preclude medical malpractice claim

under the FTCA alleging that VA medical providers' negligent treatment of veteran caused his suicide).

Unlike the medical malpractice and negligence claims addressed in these cases, the conduct that Hill challenges relates to and results from benefits determinations—specifically, the manner in which the VA has processed Hill's benefits claim over its extended adjudication between the Regional Office and the BVA. That Hill alleges discrimination on the basis of race and disability within the benefits process does not move his claims outside § 511(a)'s reach. Courts have consistently found that § 511(a) precludes statutory civil rights claims in which plaintiff-veterans allege discrimination in the benefits process. *See, e.g.*, *Zuspann,* 60 F.3d at 1158–60 (finding no jurisdiction for alleged violations of the Rehabilitation Act because veteran was ultimately "complaining about a denial of benefits"); *Baker v. Dep't of Veterans Affs.*, No. 5:19-CV-1056, 2019 WL 5225673, at *2–4 (N.D.N.Y. Aug. 29, 2019) (finding that § 511(a) precluded plaintiff-veteran's claims that she was denied benefits on the basis of sex), *report and recommendation adopted*, 2019 WL 5212794 (N.D.N.Y. Oct. 16, 2019); *Krueger v. United States*, No. 17-cv-10574, 2017 WL 5467743, at *6–7 (E.D. Mich. Nov. 14, 2017) (finding that § 511(a) precluded jurisdiction over plaintiff-veteran's Rehabilitation Act claims alleging that he was discriminated against on the basis of disability within the benefits process); *Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1325–31 (N.D. Ala. 2016) (finding that § 511(a) precluded jurisdiction over veteran-plaintiff's statutory civil rights and constitutional claims alleging racial discrimination in the handling of his benefits claims); *Bluestein v. Levenson*, No. 12-cv-021, 2012 WL 4472015, at *2–3 (D.N.H. Sept. 26, 2012) (finding that § 511(a) precluded jurisdiction over plaintiff-veteran's claims under the Rehabilitation Act and ADA alleging discrimination in the termination of benefits); *Braggs v. Dep't of Veterans Affs.*, Civ. Action No. 09-0756, 2010 WL 551325, at *2–4

(S.D. Ala. Feb. 10, 2010) (finding that § 511(a) precluded jurisdiction and plaintiff-veteran could not "side-step the statutory review process for veterans' benefits by claiming racial discrimination and asserting other bases for his claim, Civil Rights Act and [ADA]").

Hill states that he intended to bring a *Bivens* claim instead of the § 1983 claim alleged in his amended complaint. (Doc. No. 26.) The Sixth Circuit has found that *Bivens* claims "assert that government officials are liable for actions taken in their *individual* capacities—not based on any decision 'by the Secretary'" and therefore do not trigger the application of § 511(a) to preclude federal court jurisdiction. *Waksmundski v. Williams*, 727 F. App'x 818, 820 (6th Cir. 2018). But none of Hill's claims is made against a defendant in his individual capacity; all challenge official decisions and are not cognizable as *Bivens* claims. And, as the Sixth Circuit held in *Waksmundski*, "a statutory scheme"—the one provided by the VJRA—"exists to address [Hill's] claims." *Id.* "Based on this remedial scheme, federal courts have repeatedly rejected attempts to bring *Bivens* actions against VA employees[,]" and no court has applied "*Bivens* to a case involving a denial of veterans' benefits allegedly based on alleged constitutional violations." *Id.*

"'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. at 514). This is a case in which that fundamental precept is hard to follow. It is difficult to understand how a veteran's claim for benefits to address a critical illness could remain unresolved after nearly twelve years of administrative consideration and at least six determinations by the BVA that the Regional Office erred in denying the claim. It is easy to see why Hill is searching for a different tribunal to hear his arguments. Because Congress has directed that VA benefits decisions may not be reviewed outside the process it created in the

VJRA, however, this Court has no jurisdiction to consider Hill's claims and must dismiss this action. The defendants' other arguments are rendered moot. *Moir*, 895 F.2d at 272.

      **B.**      **Hill's Motion for Judgment on the Pleadings**

Because this Court lacks jurisdiction over Hill's claims, it cannot consider his motion for judgment on the pleadings.[9] Regardless, Hill's motion is premature. Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are closed after the filing of the complaints, answers, and any replies ordered by the court." *Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 913 (6th Cir. 2017); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. updated Apr. 2022) ("Rule 7(a) provides that the pleadings are [typically] closed upon the filing of a complaint and an answer (absent a court-ordered reply)[.]" (footnote omitted)). Because they filed the motion to dismiss now under review, the defendants have not answered Hill's amended complaint. "It is indisputable that the pleadings are not closed where no defendant has filed an answer." *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, --- F. Supp. 3d ---, 2022 WL 2793340, at *21 (M.D. Tenn. July 14, 2022); *see also Outdoor One Commc'ns, LLC v. Charter Twp. Of Canton*, Civ. No. 20-10934, 2021 WL 807870, at *1 (E.D. Mich. Mar. 3, 2021) (finding motion for judgment on the pleadings premature where defendant "ha[d] yet to answer [plaintiff's] complaint" and had instead filed motion to dismiss under Rule 12(b)(1)); *Akers v. Specialized Loan Servicing, LLC*, No. 3:12-cv-00901, 2013 WL 2359579, at *2 (M.D. Tenn. May 29, 2013)

---

[9]    Hill filed a "motion/request for leave to file for judgement [sic] on the pleadings" on January 24, 2023. (Doc. No. 35.) The deadline for the defendants to respond has not yet passed, and the motion is not ripe for decision. However, if the Court accepts this Report and Recommendation, the motion should be denied without prejudice for the reasons articulated here.

(denying plaintiff's motion for judgment on the pleadings when defendant had not yet filed an answer and later filed a motion to dismiss), *report and recommendation adopted*, 2013 WL 5376553 (M.D. Tenn. Sept. 25, 2013); *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 705 (W.D. Ky. 2013) ("[T]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering." (citation omitted)).

### C. Hill's Motion for Leave to File New Evidence

Because the Court lacks jurisdiction to consider this matter, Hill's motion for leave to file new evidence should be found moot.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motion to dismiss (Doc. No. 23) be GRANTED, that Hill's motion for judgment on the pleadings (Doc. No. 26) be DENIED WITHOUT PREJUDICE, and that Hill's motion for leave to file new evidence (Doc. No. 33) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of February, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge