IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIA L. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00246 |
| | ) Judge Aleta A. Trauger |
| DEPARTMENT OF VETERAN | ) |
| AFFAIRS et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Before the court is *pro se* plaintiff Calvia Hill's "Opposition to Object in Part to the Amended Report and Recommendation" (Doc. No. 43), which the court construes as objections to part of the Magistrate Judge's Amended Report and Recommendation ("Amended R&R") (Doc. No. 42), which recommends that the defendants' Motion to Dismiss (Doc. No. 23) be granted and that this case be dismissed for lack of subject matter jurisdiction, that the plaintiff's motions for judgment on the pleadings (Doc. Nos. 26, 35) be denied, and that his motions for leave to file new evidence (Doc. Nos. 33, 37) be granted as unopposed.

I.   **STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

II. **DISCUSSION**

In his objections, the plaintiff states that he does not object to the Amended R&R's recommendation that his benefits-related claim be dismissed. (*See* Doc. No. 43, at 5.) In making that concession, however, the plaintiff effectively concedes that the Magistrate Judge did not err

in recommending that his Complaint be dismissed in its entirety for lack of subject matter jurisdiction.

The plaintiff nonetheless objects on the basis that the Amended R&R overlooked "the fact that the plaintiff alleged civil rights violation[s], which derived from the defendant's contract agency." (Doc. No. 43, at 1.) The plaintiff references a number of companies with which the VA allegedly contracted (and that are not identified as defendants in this case), asserting that these contractors are not entitled to sovereign immunity. He also identifies a number of individual "medical examiners" (also not identified as defendants) who allegedly ignored the plaintiff's evidence and denied his claims. (*See id.* at 2.) The Magistrate Judge, however, did not overlook these issues. Rather, the plaintiff did not bring claims against contractors and individual medical practitioners in the Amended Complaint, and, because such claims would, in any event, relate to the denial of benefits, it is not clear that bringing claims against additional defendants would have made a difference to the Magistrate Judge's analysis.

Otherwise, the plaintiff largely realleges the same facts and asserts similar arguments to those raised in his Response to the Motion to Dismiss. Specifically, he contends that the VA's actions in denying him relief constituted discrimination on the basis of race, and he asks the court where he is supposed to bring his civil rights claims if the Board of Veterans Appeals ("BVA") lacks subject matter jurisdiction over claims involving civil rights violations in the claims-benefits process. The plaintiff, however, does not raise any specific objections to the Magistrate Judge's findings of fact and conclusions of law.

The court is sympathetic toward the plaintiff's situation. As the Magistrate Judge noted:

> It is difficult to understand how a veteran's claim for benefits to address a critical illness could remain unresolved after nearly twelve years of administrative consideration and at least seven determinations by the BVA that the Regional

> Office erred in denying the claim. It is easy to see why Hill is searching for a different tribunal to hear his arguments.

(Doc. No. 42, at 16.) At the same time, however, the law is clear that "VA benefits decisions may not be reviewed outside the process [Congress] created in the [Veterans' Judicial Review Act of 1988, Pub. L. No. 100-687, 102 Stat. 4105, 4113–4122]." (*Id.* (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (finding "Congress was quite serious about limiting our jurisdiction over anything dealing with the provision of veterans' benefits"). The plaintiff has not provided any basis for rejecting the Magistrate Judge's determination that this court has no jurisdiction to consider the plaintiff's claims and must dismiss this action in its entirety.

## III. CONCLUSION AND ORDER

The plaintiff's construed objections (Doc. No. 43) are **OVERRULED**, and the Amended R&R (Doc. No. 42) is **ACCEPTED** in its entirety. Accordingly, the Motion to Dismiss (Doc. No. 23) is **GRANTED** on the basis that the court lacks subject matter jurisdiction. This case is **DISMISSED WITHOUT PREJUDICE**.

The plaintiff's motions for judgment on the pleadings (Doc. Nos. 26, 35) are **DENIED WITHOUT PREJUDICE**, and his motions for leave to file new evidence (Doc. Nos. 33, 37) are **GRANTED** as unopposed.

All other pending motions are **DENIED AS MOOT**.

It is so **ORDERED**.

This is the final order in this action.

ALETA A. TRAUGER
United States District Judge